UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARLAN A. PENTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   No. 4:13CV554 HEA |
| | ) |
| TERRY RUSSELL, | ) |
| | ) |
| Respondent. | ) |

### **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the petition of Missouri state prisoner Marlan A. Penton for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, [Doc. No. 1]. Respondent has filed a Response to order to show cause [Doc. No. 11]. Petitioner has filed a reply [Doc. No. 16]. For the reasons set forth following the Petition will be denied.

### **Background[1]**

On January 25, 2002, Petitioner was convicted of attempted escape by the Circuit Court of St. Francois County, Missouri, and sentenced to five years imprisonment, to run consecutively with the sentences he was already serving. Petitioner did not appeal the conviction or timely file a Rule 24.035 motion for

---

[1]All factual references are taken from the pleadings and exhibits filed in this matter by the parties.

post-conviction relief.

Petitioner did not file the PCR motion with the Circuit Court of St. Francois County, Missouri, until April 30, 2003. The court dismissed the petition on July 22, 2003. Petitioner appealed to the Missouri Court of Appeals, Eastern District of Missouri. The court of appeals in turn dismissed the appeal on March 31, 2004, because Petitioner had failed to perfect his appeal.

Thereafter, on January 20, 2009, Petitioner filed a petition for writ of habeas with the Circuit Court of St. Francois County. That petition for writ of habeas corpus was denied on March 25, 2009. On February 7, 2012, Petitioner filed a petition for writ of habeas corpus with the Missouri Court of Appeals, Eastern District. Petitioner was met with another denial February 15, 2012. Finally, on December 17, 2012, Petitioner filed a petition for writ of habeas corpus with the Missouri Supreme Court which was denied on January 29, 2012.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 (AEDPA) applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review

post-conviction relief.

Petitioner did not file the PCR motion with the Circuit Court of St. Francois County, Missouri, until April 30, 2003. The court dismissed the petition on July 22, 2003. Petitioner appealed to the Missouri Court of Appeals, Eastern District of Missouri. The court of appeals in turn dismissed the appeal on March 31, 2004, because Petitioner had failed to perfect his appeal.

Thereafter, on January 20, 2009, Petitioner filed a petition for writ of habeas with the Circuit Court of St. Francois County. That petition for writ of habeas corpus was denied on March 25, 2009. On February 7, 2012, Petitioner filed a petition for writ of habeas corpus with the Missouri Court of Appeals, Eastern District. Petitioner was met with another denial February 15, 2012. Finally, on December 17, 2012, Petitioner filed a petition for writ of habeas corpus with the Missouri Supreme Court which was denied on January 29, 2012.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 (AEDPA) applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review

in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, 529 U.S. 362 (2000), held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set

> of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-13. Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 409.

## Grounds for Relief

As a basis for relief under this federal habeas corpus application Petitioner asserts (1) Section 575.210 RSMo is unconstitutionally vague; (2) The indictment charging him with the offense was insufficient; (3) His guilty plea was not intelligently made because he should have been charged under Section 217.390 RSMo.

Respondent asserts that all of Petitioner's grounds for federal habeas relief lack merit. Respondent also argues the Petition is procedurally barred and untimely as it was not appropriately pursued in the State court.

## Discussion

**Timeliness of Filing**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitations when a state prisoner petitions for federal habeas corpus relief. *King v. Hobbs*, 666 F.3d 1132, 1134-35 (8th Cir. 2012) (citing 28 U.S.C. § 2244(d)(1)). The statute of limitations begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The date on which judgment becomes final, and the statute of limitations begins to run, differs based on the level of review sought by the petitioner. If the petitioner sought review in the "state court of last resort," then the Supreme Court has jurisdiction to review the appeal and judgment will be considered final 90 days after the conclusion of the direct criminal appeals in the state system. *Id*. (citing *Gonzalez*, 132 S. Ct. at 656); *see also* Sup. Ct. R. 13.1; 28 U.S.C. § 1257(a). On the other hand, should a state prisoner opt not to seek review in the "state court of last resort," then "the judgment becomes final on the date that the time for seeking such review expires." *Id*. (quoting *Gonzalez,* 132 S.Ct. at 646). Once judgment is final, the statute of limitations begins to run. See 28 U.S.C. § 2244(d)(1)(A).

Here, Petitioner did not file a direct appeal of his conviction. Pursuant to

Missouri Supreme Court rule 30.01, 81.04 Petitioner had 10 days after his conviction in which to file his appeal. February 4, 2002 was the date upon which direct review of his conviction was complete and the statute of limitations under AEDPA began to run on February 5, 2002. *See* Fed.R.Civ.P. 6(a)(1)(A) (day of the event that triggers the time period is excluded from the time of computation). Petitioner waited over a year to file his Rule 24.035 post-conviction relief motion. As a matter of fact, he did not file the PCR motion until April 30, 2003. That litigation continued until the court of appeals dismissed Petitioner's appeal and affirmed the denial of post-conviction relief on March 31, 2004.

The petition is out of time. Over a year elapsed between the finality of the sentence of judgment on February 4, 2002, and the filing of the post-conviction relief motion on April 30, 2003. *See Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (deadline for seeking federal habeas corpus will not be affected by state collateral action that was filed after the federal deadline). Under AEDPA, Petitioner's federal habeas petition was time barred back on February 5, 2003. Penton did not sign and place his federal habeas petition in the prison mail system until March 19, 2013. The petition is barred by the statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A).

**Procedural bar**

One who pursues relief under 28 U.S.C. §2254(b)(1)(A) must exhausted the remedies available in the courts of the State. In order to effectuate the fulfillment of this requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before presenting those issues as application for federal habeas relief in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "A federal habeas petitioner's claims must rely on the same factual and legal bases relied on in state court"; otherwise, they are defaulted. *Winfield v. Roper*, 460 F.3d 1026, 1034 (8th Cir. 2006).

Exhaustion "refers only to remedies still available at the time of the federal petition." *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982). Thus, "if it is clear that [ the habeas petitioner's ] claims are now procedurally barred under [state] law," the exhaustion requirement is satisfied. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). "[T]he procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996).

In Missouri, "habeas corpus is not a substitute for appeal or post-conviction proceedings." *State ex rel. Simmons v. White,* 866 S.W.2d 443, 446 (Mo. banc 1993). "Missouri law requires that a habeas petitioner bring any claim that a conviction violates the federal or state constitution, including a claim of ineffective assistance of counsel, in a motion for post-conviction relief." Moore-El v. Luebbers, 446 F.3d 890, 896 (8th Cir. 2006). Accordingly, an offender who fails to raise his claims on direct appeal or in a post-conviction motion has procedurally defaulted those claims "and cannot raise [the waived claims] in a subsequent petition for habeas corpus." *State ex rel. Nixon v. Jaynes*, 63 S.W.3d 210, 214 (Mo. banc 2001). Petitioner herein did not file a direct appeal of his 2002 conviction, failed to timely file a PCR motion, and then did not perfect his PCR appeal. His claims are, therefore, procedurally barred.

There are circumstances where a court may nonetheless reach the merits of a procedurally barred claim, but only if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In order to satisfy the "cause" requirement, Petitioner must show that an "external" impediment prevented him from presenting his claim to the state court in a

procedurally proper manner. *Id.* at 753. In this case, Petitioner does not allege cause and prejudice, or actual innocence. The claims contained in Petitioner's petition are therefore procedurally barred.

As Petitioner has failed to fall within the ambit of reviewable applications for writ of habeas corpus the court will n ot address his claims relating to the merits of his applicaton

## **Certificate of Appealablity**

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). This Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. A Certificate of Appealability will therefore not be issued.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of

Appealability as Petitioner has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 20th day of May, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE